TRACEY T., et al., Plaintiffs,

v.

Dr. Charles McDANIEL, et al., Defendants.

Civ. A. No. C81–2292A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 6, 1985.

Archer D. Smith, III, Patrick McKee, Atlanta, Ga., Charlie Weatherly, Decatur, Ga., for plaintiffs.

Tom Cox, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

The above-styled action is scheduled to come before the court on June 17, 1985 for trial on the merits. Plaintiffs seek relief pursuant to the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.* ("EAHCA" or "Act" or "Public Law 94–142"). In advance of trial, plaintiffs request that the court issue a ruling regarding the matter of which party shall bear the burden of proof. Plaintiffs have brought the case of *Burger v. Murray County School District,* 612 F.Supp. 434 (N.D.Ga.1984) to the attention of the court. In the *Burger* case, as in this case, the child was in an educational placement (during the pendency of the litigation) which both parties had at one point agreed was appropriate. In *Burger,* Judge Murphy ruled:

> when the suggestion is made that a child, who falls under the aegis of the EAHCA and is currently learning in what has been deemed to be an appropriate setting, be moved to a different facility, the party advocating the move should bear the burden of proving its propriety.

*Burger,* at 437.

The EAHCA contains no provision which specifically assigns the burden of proof in an action brought pursuant to the Act. *Town of Burlington v. Dept. of Educ.,* 736 F.2d 773, 794 (1st Cir.1984), *aff'd,* —— U.S. ——, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). Public Law 94–142 establishes elaborate procedural prerequisites to the commencement of a civil action. Among these requirements is review by the state educational agency of the jointly-developed IEP. A party aggrieved by "the findings and decision" of the state agency required by 20 U.S.C. § 1415(c) may institute a civil action pursuant to 20 U.S.C. § 1415(e)(2). In an action brought pursuant to § 1415(e)(2), the trial court is to review the final decision of the state educational agency. The trial court has "some latitude" in reviewing the state agency decision but a trial *de novo* "is not called for." *Lang v. Braintree School Comm.,* 545 F.Supp. 1221, 1226 (D.Mass.1982). Given that the role of the court in a 94–142 case is to review state agency action, the First Circuit has concluded that, as a general matter, "the burden of proof is on the party who seeks to overturn the findings and decision of the (state educational) agency." *Town of Burlington,* 736 F.2d at 794. Given the importance of the administrative review process in the statutory scheme established by the EAHCA, this approach "accord[s] the administrative agency's expertise the respect it is owed." *Id.* Any other allocation of the burden of proof would make the administrative process essentially a meaningless exercise.[1] Thus, in general, where an IEP has been upheld in the state administrative process, it is the party attacking that IEP who bears the burden of persuasion.[2]

[1]. In *Lang, supra,* the court placed the burden of proof on the school district despite the fact that it had prevailed in the administrative proceedings. It appears this was done because the administrative process was already rendered ineffective due to the school district's failure to include the child's parents in the development of the IEP at issue, as required by the EAHCA. 545 F.Supp. at 1228.

[2]. Judge Murphy's opinion in *Burger* did not consider which party was seeking to overturn the decision of the state agency. *Burger,* at 435 n. 3. Allocation of the burden of proof in an EAHCA case requires a full consideration of the administrative process in the statutory framework established by Public Law 94–142 and the role of judicial review pursuant to 20 U.S.C. § 1415(e)(2). *See generally Board of Education v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034,

Some cases have come to a contrary result by looking to 20 U.S.C. § 1415(e)(3). However, it appears that this provision was not intended to affect the substantive rights of the parties (the burden of proof). Rather, it was intended to allow for the maintenance of the "status quo" (the "then current" educational placement)—in order to ensure consistency in a disabled child's education—while the parties dispute the appropriateness of the challenged IEP. *Doe v. Brookline School Comm.*, 722 F.2d 910, 915 (1st Cir.1983). If the parties at some point agreed to a particular placement but a more recent IEP (again, developed by both parties), proposed a different placement, the "former" (even if "current" for § 1415(d)(3) purposes) placement does not control the burden of proof issue, even though it may be probative as to the ultimate issue in dispute—the appropriateness of the challenged educational placement. This is so because an action brought pursuant to Public Law 94–142 challenges a decision of a state educational agency with respect to a jointly-developed IEP. Where a more recent IEP has replaced an earlier IEP and it is that more recent IEP which is the subject of litigation under § 1415(e)(2), the prior IEP cannot be relevant to the issue of the allocation of the burden of proof. The case of *Tatro v. Texas*, 703 F.2d 823 (5th Cir.1983), relied on by plaintiff, does not hold otherwise. In *Tatro*, the court noted that the school district would bear the burden of showing an IEP was inappropriate where it first raised this argument on appeal. 703 F.2d at 830. In accordance with the general rule, "the party attacking [the IEP] should bear the burden of showing why the educational setting established by the IEP is not appropriate." *Id.* There, the school district was in the posture of attacking the IEP which had been approved by the state educational agency.

In the instant case, the plaintiffs challenge a 1981 IEP developed by Tracey's parents and the staff of the DeKalb defendants. The parents unsuccessfully pursued relief at the state administrative level. The issue before the court in this action, then, is whether *the 1981 IEP* is in accordance with the EAHCA (i.e., whether it provided Tracey with a "free appropriate public education."). In this case, the defendants are not attacking the earlier (1975–1981) placement; rather, it is the parents who are attacking the 1981 IEP. Since the plaintiffs bring this action to overturn the 1981 "findings and decisions" of the state agency made pursuant to 20 U.S.C. § 1415(c), they must bear the burden of proof on their claims against the DeKalb defendants (retrospective relief issues). *Town of Burlington, supra.*

The situation with respect to the Fulton defendants, at first glance, appears to be somewhat different. Plaintiffs challenge an IEP developed by the parents and the staff of the Fulton defendants. This IEP and the Fulton defendants were made a part of the instant action before the completion of state administrative review pursuant to the EAHCA. Because of these peculiar circumstances with regard to plaintiffs' claims against the Fulton defendants, there are technically no § 1415(c) state educational agency "findings and decision" (administrative record) before the court with regard to the Fulton placement. Under analogous circumstances, the First Circuit has concluded that where the state agency has made no findings and decision regarding the appropriateness of an IEP, "neither party can be assigned the burden for [that IEP] on the basis of its posture on an appeal from a state agency decision." *Town of Burlington*, 736 F.2d at 794. This rule makes sense because there is no § 1415(c) administrative record being appealed from.

However, the circumstances of this case differ from those discussed in *Town of Burlington* to a significant degree such that the First Circuit's conclusion to look elsewhere for guidance in allocating the burden of proof is inapplicable. Pursuant to an understanding between the plaintiffs and the Fulton defendants, the IEP devel-

73 L.Ed.2d 690 (1982). For this reason, *Burger* is distinguishable.

oped by those parties is to stand in the same position as the DeKalb IEP. Although the Fulton IEP is one which has not been reviewed through the state administrative process, it stands before this court in the same position as would the § 1415(c) "findings and decision" of the state educational agency. Since the parents are attacking this IEP, which was "upheld" in the administrative process (to the extent it occurred and/or by stipulation of parties), it is appropriate that they should bear the burden of proof. *Town of Burlington,* 736 F.2d at 794. No departure from the general rule is warranted under the circumstances of this case.

Accordingly, it is appropriate for the plaintiffs to bear the burden of proof with respect to their claims under Public Law 94–142 in this case.