**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2083**

———————

FAIRFAX COUNTY SCHOOL BOARD,

Plaintiff - Appellee,

versus

JOYCE KNIGHT,

Defendant - Appellant,

and

J. K., by and through her parents and next
friends,

Claimant - Appellant,

versus

JACK DALE; JOYCE SUYDAM; ELEANOR BARNES; WANDA
TANKS-GREGORY; MARTIN HUMBERTSON, in their
official and individual capacities,

Defendants - Appellees,

and

RALEIGH KNIGHT,

Defendant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema, District
Judge. (1:05-cv-01472-LMB)

Submitted:  September 20, 2007        Decided:  January 16, 2008

Before TRAXLER, Circuit Judge, HAMILTON, Senior Circuit Judge, and Robert J. CONRAD, Jr., Chief United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

David C. Frederick, Robert A. Klinck, Kenneth M. Fetterman, KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C., Washington, D.C., for Appellants.  John F. Cafferky, Mark A. Towery, BLANKINGSHIP & KEITH, Fairfax, Virginia, for Appellee Fairfax County School Board.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce and Raleigh Knight (collectively, "the parents"), on behalf of their daughter J.K., appeal from the district court's grant of summary judgment in favor of the Fairfax County School Board ("FCSB") on their claims for reimbursement pursuant to the Individuals with Disabilities Education Act ("IDEA"). See 20 U.S.C.A. § 1412 (a)(10)(C)(ii) (West 2000 & Supp. 2007). The district court concluded that FCSB provided J.K. a free appropriate public education ("FAPE") and that reimbursement was improper. We affirm.

I.

Congress enacted the IDEA – in part – "to ensure that all children with disabilities have available to them a [FAPE] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C.A. § 1400(d)(1)(A) (West 2000 & Supp. 2007). A FAPE "consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." Bd. of Educ. v. Rowley ex rel. Rowley, 458 U.S. 176, 188-89 (1982) (internal quotation marks omitted). However, "[n]oticeably absent from the language of the [IDEA's predecessor] is any substantive standard

3

prescribing the level of education to be accorded handicapped children." Id. at 189.

This Court has determined that the appropriate education required by the IDEA should not be confused

> with the best possible education. . . . And once a FAPE is offered, the school district need not offer additional educational services. That is, while a state must provide specialized instruction and related services sufficient to confer some educational benefit upon the handicapped child, the Act does not require the furnishing of every special service necessary to maximize each handicapped child's potential.

MM ex rel. DM v. School Dist., 303 F.3d 523, 526-27 (4th Cir. 2002) (citations, internal quotation marks and alterations omitted). Although the IDEA does not require that a state provide the best education possible, "Congress did not intend that a school system could discharge its duty under the [Act] by providing a program that produces some minimal academic advancement, no matter how trivial." Hall ex rel. Hall v. Vance County Bd. of Educ., 774 F.2d 629, 636 (4th Cir. 1985). A school provides a FAPE by creating an "individualized education program" ("IEP") for each child. See 20 U.S.C.A. § 1414(d)(1)(A) (West 2000 & Supp. 2007). An IEP is sufficient if it is "reasonably calculated to enable the child to receive educational benefits." Rowley, 458 U.S. at 207.

In IDEA cases, the district court is required to review the administrative proceedings based on a preponderance of the evidence standard, giving due weight to the hearing officer's findings. See Doyle v. Arlington County Sch. Bd., 953 F.2d 100, 103 (4th Cir.

4

1991).  The parents bear the burden of proving that an IEP was substantively deficient.  See Spielberg ex rel. Spielberg v. Henrico County Pub. Schs., 853 F.2d 256, 258 n.2 (4th Cir. 1988) (assigning burden to party challenging the hearing officer's decision); cf. Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 51 (2005) (holding that party challenging IEP in due process hearing bears burden of proof).  Since the district court made factual findings as to the sufficiency of an IEP, we review for clear error.  See County Sch. Bd. v. Z.P., 399 F.3d 298, 309 & n.7 (4th Cir. 2005).

## II.

J.K. is a young girl with above-average intelligence but has trouble reading due to dyslexia and other learning disabilities. J.K. started in FCSB schools in kindergarten and during first grade qualified for special education services.  In her seventh-grade year, J.K. attended Luther Jackson Middle School and enrolled in self-contained special education classes for Math, English, and History, as well as a special education reading class.  Concerned that J.K. was not progressing to a level commensurate with her abilities at Luther Jackson, the parents removed her from public school and enrolled her in the Lindamood-Bell program and then in various private schools.

A.

During the spring of 2002, FCSB formulated an IEP for J.K.'s eighth-grade year. The parents expressed their dissatisfaction with J.K.'s progress in reading and insisted that private placement was the best way for J.K. to learn to read properly. After evaluating J.K.'s progress, J.K.'s IEP team met, rejected the parents' position, and concluded that J.K. would receive a FAPE if she remained at Luther Jackson in a program similar to her seventh-grade year. The parents believed she needed private instruction for reading and informed FCSB that they intended to place J.K. in a program at FCSB's expense. The parents removed J.K. from Luther Jackson, and she was tutored for the remainder of her seventh-grade year.

In the fall of 2002, the parents sent J.K. to Lindamood-Bell, a center that provides one-on-one instruction to students who have been diagnosed with learning disabilities and are struggling in reading and math. J.K. remained in the Lindamood-Bell program until criminal truancy proceedings were initiated against the parents. The parents removed J.K. from Lindamood-Bell and placed her in a private school, where after a few months she withdrew and was tutored for the remainder of the year. J.K. began ninth grade at The Kildonan School, a boarding school in New York, but she was removed in February and placed at a different private school for the remainder of the year. The parents assert that J.K.'s test

6

results demonstrate that the progress she made at FCSB schools was trivial compared to the progress she made once removed. They seek reimbursement for J.K.'s time at Lindamood-Bell and The Kildonan School.

B.

In May of 2004 during J.K.'s ninth-grade year, the parents requested a due process hearing. Taking this as a request for services, FCSB met and proposed a new IEP for J.K.'s tenth-grade year. The parents again rejected the IEP and unilaterally placed J.K. in another private school. In December of 2004, a due process hearing was held to determine whether FCSB had failed to provide J.K. with a FAPE. The hearing included testimony from eighteen witnesses and over three hundred pages of documents.

In February of 2005, the hearing officer issued a short, three-page opinion in which he concluded that J.K. was provided a FAPE during her years at FCSB, but that J.K. would benefit from an intensive reading program such as that offered by Lindamood-Bell. The hearing officer held that the tenth-grade IEP met J.K.'s special education needs, but he did not expressly conclude that the IEP offered a FAPE. The hearing officer ordered that J.K. return to FCSB for full-time classes and that she enroll in intensive reading class at FCSB's expense on a part-time basis.

FCSB filed a complaint in the district court seeking reversal of the hearing officer's ruling that J.K. be permitted to attend

7

Lindamood-Bell at FCSB's expense. The district court remanded the litigation to the hearing officer to clarify whether FCSB had provided J.K. a FAPE because the court found the hearing officer's conclusions inconsistent.

On remand, the hearing officer held three additional days of hearings and thereafter issued a nine-page opinion. The hearing officer specifically found that FCSB had provided J.K. a FAPE. He opined that the testimony of FCSB's experts was more credible and convincing than the parents' experts. He found that the private school placements were not appropriate for J.K. but continued to order that FCSB pay for certain of the Lindamood-Bell expenses. FCSB filed another complaint seeking reversal of the hearing officer's award of expenses for the Lindamood-Bell program. The parents filed counterclaims seeking reversal of the hearing officer's order finding that FCSB provided J.K. a FAPE.

On cross-motions for summary judgment, the district court considered whether the parents proved by a preponderance of the evidence that the eighth-grade and tenth-grade IEPs were not reasonably calculated to provide J.K. with non-trivial educational benefits. The parents argued that J.K.'s test results demonstrate that she made great progress once she was removed from FCSB schools and those results prove that her progress at FCSB schools was trivial. FCSB asserts that the test results as interpreted by the parents' experts fail to take into consideration any progress J.K.

8

made during her seventh-grade year and any evidence to the contrary would be mere speculation. FCSB argues that the eighth- and tenth-grade IEPs were specifically designed to help J.K.'s reading issues and provided J.K. a FAPE.

On review, the district court found that the hearing officer's findings were regularly made and then conducted its own highly detailed examination of the record. The district court also noted that the parents had the burden to prove that the challenged IEPs did not provide J.K. with a FAPE. FCSB's experts all had extensive special education experience and post-baccalaureate degrees in special education and related fields. The parents' experts had extensive practical experience in the area of reading and reading difficulties but did not have any degrees in education, reading, or special education. The district court afforded the hearing officer's conclusions due weight and determined that the FCSB experts were more credible and the parents' experts' opinions were unpersuasive.

While not opining upon the relative merits of educational theories and methodologies, see Rowley, 458 U.S. at 206, the district court found that the educational approach proposed in the eighth- and tenth-grade IEPs was appropriate and would provide an appropriate curriculum for J.K. The district court found that the parents' testing evidence and expert witnesses were not persuasive and did not establish by a preponderance of the evidence that J.K.

9

made only trivial progress at FCSB. The court concluded that FCSB had provided J.K. with a FAPE for her eighth- and tenth-grade years and that reimbursement for other private programs would be inappropriate.

## III.

On appeal, the parents contend that the district court erred in granting summary judgment against them to FCSB. They argue that FCSB failed to provide J.K. with a FAPE because her test scores showed remarkable progress once she was removed from FCSB schools. The parents assert that the later test scores prove that J.K.'s progress in FCSB schools was trivial and FCSB failed to provide J.K. a FAPE. They further challenge the district court's determination that FCSB's proposed IEP for J.K.'s eighth- and tenth-grade years satisfied the IDEA's substantive requirements.

After careful review of the record, the parties' written arguments, and the governing legal principles, we conclude that the parents cannot overcome their burden of showing that the state hearing officer's factual findings were erroneous and that the district court correctly decided the legal issues before it.[*]

---

[*]Since we have concluded that FCSB provided J.K. a FAPE for her eighth- and tenth-grade years, we need not reach the issue of whether the district court erred in alternatively ruling that the expenses for Lindamood-Bell and the Kildonan school were not eligible for reimbursement because those programs did not constitute appropriate placements.

10

Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Fairfax County Sch. Bd. v. Knight ex rel. Knight</u>, No. 05-1472 (E.D. Va. Aug. 23, 2006).

<u>AFFIRMED</u>